## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

MICHELLE HOPKINS,

      Plaintiff,

v.                               Case No:  6:12-cv-1743-Orl-40KRS

JP MORGAN CHASE BANK, N.A., JESSICA ENZ, and BRIAN LOGSDON,

      Defendants.

_____

## ORDER

This cause comes before the Court on Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint (Doc. 145), filed on February 11, 2014. Plaintiff filed her Objection to Defendants' Motion to Dismiss Third Amended Complaint (Doc. 150) on February 28, 2014.  The matter is ripe for consideration. For the foregoing reasons, the Court grants Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint and dismisses the cause with prejudice.

## I. BACKGROUND

### A. Facts

Plaintiff, Michelle Hopkins ("Hopkins"), brings this lawsuit against Defendants, JP Morgan Chase Bank, N.A., Jessica Enz, and Brian Logsdon (collectively, "Defendants").  Hopkins worked for Defendant JP Morgan Chase Bank, N.A. ("JP Morgan Chase") from April 14, 2003 until her termination on September 16, 2011.  (Doc. 150, p. 3).  Hopkins alleges that Defendant Jessica Enz ("Enz"), Hopkins' Team Manager, and Defendant Brian Logsdon ("Logsdon"),

Hopkins' Team Leader, told Hopkins that she was terminated because of poor job performance. (*Id.*, pp. 6–7). However, Hopkins believes that her termination was the result of racial, gender, religious, and age discrimination and was in retaliation for previously filing a complaint with the Equal Employment Opportunity Commission ("EEOC") all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17 ("Title VII"), the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621–634 ("ADEA"), and the Florida Civil Rights Act of 1992, Fla. Stat. §§ 760.01–.11 ("FCRA"). (*Id.*, pp. 7–8). Hopkins claims she is entitled to damages in the amount of $8,000,000.00, including punitive damages, and demands a jury trial. (*Id.*, p. 10). Hopkins further demands that the Court compel JP Morgan Chase re-employ her. (*Id.*).

### B.    Procedural History

Hopkins filed her original complaint on November 19, 2012, proceeding *pro se*. (Doc. 1). The Court allowed Hopkins to file an amended complaint because her original complaint was deficient in many respects, including Hopkins' failure to comply with Federal Rule of Civil Procedure 8(a) and the illegibility of Hopkins' original complaint. Hopkins filed her First Amended Complaint on December 7, 2012. (Doc. 9). During a status conference and motion hearing on April 24, 2013, the Court dismissed Hopkins' First Amended Complaint and allowed Hopkins leave to amend a second time. (Doc. 71). On May 7, 2013, Hopkins filed her Second Amended Complaint (Doc. 74), to which Defendants moved to dismiss on May 21, 2013 (Doc. 81).

On January 15, 2014, this Court granted Defendants' motion to dismiss Hopkins' Second Amended Complaint.  (Doc. 131).  In the Court's January 15, 2014 Order, the Court dismissed with prejudice Hopkins' claims against Enz and Logsdon.  (*Id.*, p. 10).  The Court dismissed without prejudice Hopkins' claim against JP Morgan Chase and allowed Hopkins twenty-one (21) days to file a third amended complaint.  (*Id.*).  Importantly, the Court directed Hopkins to:

> [C]omply with the directives of this [January 15, 2014] Order as well as the pleading requirements in Federal Rules of Civil Procedure 8, 9, 10, and 11, and Local Rules 1.05 and 1.06 of the Middle District of Florida, United States District Court.  Failure to so comply may result in a dismissal of Plaintiff's claims with prejudice.

(*Id.*).

On January 28, 2014, Hopkins filed her Third Amended Complaint. (Doc. 140.).  Hopkins' Third Amended Complaint consists almost entirely of Hopkins' Second Amended Complaint, only retitled as a Third Amended Complaint.  (*Id.*).  On February 11, 2014, Defendants moved to dismiss Hopkins' Third Amended Complaint for failing to comply with this Court's January 15, 2014 Order and for renaming party-defendants who have been dismissed from this action with prejudice.  (Doc. 145).  Hopkins objected to Defendants' motion to dismiss on February 28, 2014.  (Doc. 150).  Hopkins' objection consists primarily of discussing other discrimination cases that have been filed against JP Morgan Chase and alleges new violations of Florida's RICO Act against JP Morgan Chase. (*Id.*).

## II.    DISCUSSION

The Court first disposes of Hopkins' allegations against Enz and Logsdon in their individual capacities.  The doctrine of res judicata prohibits parties from re-litigating issues or claims which have previously been adjudicated on the merits. *Schafler v. Indian Spring Maint. Ass'n*, 139 F. App'x 147, 150 (11th Cir. 2005).  An action is barred by res judicata if four elements are met: "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties . . . are identical in both suits; and (4) the same cause of action is involved."  *Id.* (quoting *Ragsdale v. Rubbermaid*, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999)).  When an action or claim is dismissed "with prejudice," the dismissal acts as an adjudication on the merits. Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule . . . operates as an adjudication on the merits."); *see also Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990) (holding that a dismissal "without prejudice" is not an adjudication on the merits and thus "does not have a res judicata effect").

The Court's January 15, 2014 Order dismissing with prejudice Hopkins' claims against Enz and Logsdon operates as an adjudication on the merits with respect to those claims.  (Doc. 131).  Therefore, because this Court has jurisdiction over the parties and the subject matter of this case and the causes of action against Enz and Logsdon are identical, res judicata operates to bar any further litigation on these claims.  *See Ragsdale*, 193 F.3d at 1238.  Accordingly, the Court

dismisses with prejudice Hopkins Third Amended Complaint as to Enz and Logsdon.

Next, the Court addresses the sufficiency of Hopkins' Third Amended Complaint.  Upon motion by any defendant, Federal Rule of Civil Procedure 41(b) allows a district court to involuntarily dismiss an action where "the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order."  Fed. R. Civ. P. 41(b).  In determining whether involuntary dismissal is appropriate, district courts should consider a number of factors: delay to the proceedings caused by the plaintiff, whether the plaintiff was on notice that the case would be involuntarily dismissed for failure to comply with procedural rules or a court order, prejudice caused to the defendant, judicial economy, and whether any less extreme measure may effect compliance.  *See, e.g.*, *Mobley v. McCormick*, 160 F.R.D. 599, 601 (D. Colo. 1995); *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 482, 485–87 (2d Cir. 1994).

In dismissing Hopkins' Second Amended Complaint, the Court explained the deficiencies in Hopkins' pleading and directed her to comply with Federal Rules of Civil Procedure 8, 9, 10, and 11 and Local Rules 1.05 and 1.06.  (Doc. 131, p. 10).  The Court further cautioned that "[f]ailure to so comply may result in a dismissal of Plaintiff's claims with prejudice." (*Id.*).  Federal Rule of Civil Procedure 8 provides, in pertinent part, that a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Federal Rule of Civil Procedure 10 provides, in pertinent part, that "[a] party must state its claims . . . in numbered paragraphs, each limited as far as

practicable to a single set of circumstances."  The relevant portions of Local Rules 1.05 and 1.06 track the requirements of Federal Rules of Civil Procedure 8 and 10. The purpose of these procedural rules is to "ensure due process with proper notice to each defendant as to what claims are actually being alleged against each defendant." *City of Ft. Lauderdale v. Scott*, 773 F. Supp. 2d 1355, 1358–59 (S.D. Fla. 2011); *see also Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366–67 (11th Cir. 1996) (holding that Rule 10(b) requires pleading with "such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading").

Hopkins' Third Amended Complaint fails to comply with Federal Rules of Civil Procedure 8 and 10 and, therefore, the Court's January 15, 2014 Order. Specifically, Hopkins has failed to allege her claims in numbered paragraphs "limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b).  The vast majority of Hopkins' Third Amended Complaint consists of stream of consciousness narrative or undecipherable language. (*See id.*, pp. 6–9). Hopkins also appears to have imbedded in the middle of her Third Amended Complaint her Charge of Discrimination and a Dismissal and Notice of Rights from the EEOC, lending to further confusion.  (*Id.*, pp. 6–7, 10).  Based on these circumstances, the Court cannot expect JP Morgan Chase to "be able to discern what [Hopkins] is claiming and to frame a responsive pleading." *Anderson*, 77 F.3d at 366–67.

Here, the Court directed Hopkins to comply with Federal Rules of Civil Procedure 8, 9, 10, and 11, along with Local Rules 1.05 and 1.06 in filing her Third

Amended Complaint.  However, Hopkins essentially refiled her Second Amended Complaint, disregarding the Court's January 15, 2014 Order.  Since Hopkins initiated this lawsuit on November 19, 2012, the Court has afforded Hopkins three opportunities to amend her complaint.  The Court can only conclude that Hopkins will not comply with the Federal Rules of Civil Procedure, the Court's Local Rules, or this Court's orders.  JP Morgan Chase would certainly be prejudiced were the Court to compel it to respond to such a deficient pleading.  Further, the Court has spent almost two years attempting to address Hopkins' allegations.  Based on these factors, the Court cannot allow Hopkins to proceed further.  *See, e.g.*, *Mobley*, 160 F.R.D. at 601; *Nita*, 16 F.3d at 485–87.  Accordingly, Hopkins Third Amended Complaint is dismissed with prejudice.

## III.    CONCLUSION

The Court is not unmindful of the challenges of proceeding *pro se* in federal court.  These challenges include meeting strict deadlines, dealing with experienced opposing attorneys, litigating against parties who may have seemingly limitless legal resources, and complying with the Federal Rules of Civil Procedure and any applicable local rules.  *See* Melodee C. Rhodes, Comment, *The Battle Lines of Federal Rule of Civil Procedure 8(a)(2) and the Effects on a Pro See Litigant's Ability to Survive a Motion to Dismiss*, 22 St. Thomas L. Rev. 527, 536–37 (2010).  The Court fully recognizes its duty to "liberally construe pro se pleadings." *Tennyson v. ASCAP*, 477 F. App'x 608, 609–10 (11th Cir. 2012) (citations omitted). However, "a pro se party must 'follow the rules of procedure and evidence, and the district court has no duty to act as [a pro se party's] lawyer.'"  *Id.* at 610 (citing

*United States v. Ly*, 646 F.3d 1307, 1315 (11th Cir. 2011)); *see also Porter v. Duval Cnty. Sch. Bd.*, 406 F. App'x 460, 462 (11th Cir. 2010).  Likewise, a district court may not "rewrite a deficient pleading in order to sustain an action."  *Porter*, 406 F. App'x at 462.

Therefore, due to Hopkins' failure to comply with the Federal Rules of Civil Procedure, the Court's Local Rules, and the Court's January 15, 2014 Order, it is hereby **ORDERED AND ADJUDGED**:

1. Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint (Doc. 145) is **GRANTED**.

2. Plaintiff's Third Amended Complaint (Doc. 140) is **DISMISSED WITH PREJUDICE**.

3. The Clerk of Court is **DIRECTED** to terminate all deadlines and close the file.

**DONE AND ORDERED** in Orlando, Florida on July 29, 2014.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties